

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,420

### EX PARTE EPHRAIM LEE WILSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W97-74953-S(A) IN THE 282ND JUDICIAL DISTRICT COURT
FROM DALLAS COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated robbery in exchange for seven years' deferred adjudication community supervision. He was later adjudicated guilty and sentenced to twenty years' imprisonment. The Fifth Court of Appeals dismissed his appeal for want of jurisdiction. *Wilson v. State*, No. 05-02-00163-CR (Tex. App. – Dallas, November 18, 2002).

Applicant contends, *inter alia*, that his trial counsel rendered ineffective assistance, and that

his plea of guilty was caused by counsel's ineffectiveness. The trial court held a hearing, and has determined that trial counsel was ineffective in that counsel failed to investigate, failed to interview a witness who was available and willing to provide testimony that would have exonerated Applicant, and erroneously advised Applicant to plead guilty. The trial court finds that but for counsel's deficient performance, Applicant would not have pleaded guilty but would have insisted on going to trial. Furthermore, the trial court finds that had Applicant gone to trial with competent counsel, and had the testimony of the witness in question been presented, the jury would have been unlikely to convict Applicant of this offense.

Applicant is entitled to relief. The judgment in Cause No. W97-74953-S(A) from the 282nd Judicial District Court of Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County to answer the charge against him.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 22, 2010
Do Not Publish